## Hemans v. Lucy.

*Mortgage — deed absolute in form, when mortgage.*

One F. paid for a house and took the conveyance in his own name. It was understood between him and defendant at the time, that the purchase was made for defendant's benefit, in order that she might have a home. After the purchase the house was repaired, F. advancing money therefor, and defendant took possession. After this F. conveyed all his property to plaintiff in trust for certain purposes. *Held,* that defendant was the debtor of F. for the moneys advanced, and he held the title merely as trustee or mortgagee, for his security, and the defendant had an equitable interest which could not be cut off without foreclosure.

ACTION of ejectment tried at the Steuben circuit, in January, 1873. Verdict directed for the plaintiff, and exceptions ordered to be heard in the first instance at general term.

Joseph Fellows, a friend of the defendant, being disposed to aid her in providing for herself a home, in the year 1869 proposed to advance money to her for that purpose. In pursuance of that proposition a place was purchased, said Fellows paying the purchase-money and taking the deed to himself. This was done without defendant's knowledge, as she claimed. After the purchase Fellows advanced money to the defendant to aid her in making repairs to the house upon the premises.

The defendant subsequent to such purchase went into possession of the premises, and remained in such possession up to the time of the commencement of this action.

On the 29th of June, 1871, said Fellows conveyed by deed to the plaintiff all his real and personal estate acquired by him between October 10, 1868, and the time of making the conveyance, in trust for certain purposes. Subsequent to this time Fellows died.

The plaintiff claimed title to the premises under the trust-deed from Fellows to him. The defendant claimed there was a verbal agreement that the purchase was made for her, and that Fellows having taken conveyance of the premises to himself under the circumstances as above related, a trust resulted as to her.

*Brown & Hadden,* for plaintiff. A trust did not result in favor of defendant. *Getman* v. *Getman,* 1 Barb. Ch. 499, 505, 514; *Duval* v. *Covenhoven,* 4 Wend. 564; *Bottsford* v. *Burr,* 2 Johns. Ch. 409; *Foote* v. *Bryant,* 47 N. Y. 550; *Siemon* v. *Schurck,* 29 id. 610; 1 Edm. Stat. at Large, 677; 2 id. 139.

*George B. Bradley,* for defendant. A trust resulted in favor of defendant. *Foote* v. *Bryant,* 58 Barb. 258; S. C. affirmed on appeal, 47 N. Y. 258; *Siemon* v. *Schurck,* 33 Barb. 9; S. C. affirmed on appeal, 29 N. Y. 598; *Levy* v. *Brush,* 8 Abb. N. S. 418; *Gardner* v. *Ogden,* 22 N. Y. 327; *Swinburne* v. *Swinburne,* 28 id. 568; *Dodge* v. *Wellman,* 43 How. 427; 1 R. S. 728, §§ 55, 58, 60.

E. D. SMITH, J. The plaintiff had the clear legal title to the premises in question, and the questions presented upon the defendant's exceptions arose upon the equitable title set up by the

defendant in her answer, and sought to be established at the trial. The proofs clearly show that the defendant, at the suggestion of Joseph Fellows, the grantor of the plaintiff, and upon his assurance that he would advance the money to enable her to complete the purchase, made the contract for the purchase of the premises in question in her own name; that Mr. Fellows advanced for her the purchase-money to fulfill said contract, and that he took the title to said premises as and for his security for such advance. That the defendant immediately went into possession of said premises and made repairs thereupon, fitting up the house thereon for a residence for herself with the knowledge and assent of Mr. Fellows, he making an advance also of the money requisite for the payment of the expense of such repairs, and that the said premises were so purchased and fitted by her for a home for herself and family under the advice of Mr. Fellows, who was a friend of her's, and was a constant visitor of her family at such house after said purchase during his life, and that she continued to reside in such house from the time of the said purchase in 1869 till the death of Mr. Fellows in 1872, and since till the commencement of this suit. Upon these facts the defendant clearly became the debtor of Mr. Fellows for the advances, and he took the title merely as a trustee or mortgagee for his security for the same according to the cases. *McBurney* v. *Wellman,* 42 Barb. 390 ; affirmed in court of appeals by title *Dodge, Ex'r,* v. *Wellman,* 43 How. 427 ; S. C., 1 Abb. Ct. of App. Decisions, 512 ; *Carr* v. *Carr,* 4 Lans. 314 ; affirmed in court of appeals but not yet reported (a manuscript opinion of the court being before us). The defendant had an equitable interest in said premises which could not be cut off without foreclosure. The facts stated and established at the trial made out a complete equitable defense to the action. The plaintiff should therefore have been nonsuited at the circuit or a verdict directed for the defendant. The exceptions taken to the rulings of the circuit judge, in conflict with these views, are consequently well taken, and a new trial must therefore be granted, with costs to abide the event.

*New trial granted.*